Pettibone, J.,
delivered the opinion of the Court.
The plaintiff' sued the defendant, Conner, as endorser of a promissory note, for $660. The defendant pleaded non-assumpsit. The plaintiff introduced the note, and proved the endorsement, which was special, in the woids following: “ Pay to •Joseph Klunk, or order, for value received, upon presentation of this note to Gen’l. W. II. A.; if he does not pay it, I will pay the same, or secure the same to Mr. Klunk’s satisfaction. Signed, Jer. Conner.” The defendant gave in evidence, an. agreement between the said Klunk and Conner, bearing' date the same day of the date of the said endorsement, in which it was recited, that the said Klunk. had that day loaned to the said Conner the sum of $350, and which the said Conner agreed to-pay on or before the first day of August, then next, with interest, &c.; and as security therefor, the said Conner then endorsed the said note of $660, and further agreed that if the money loaned was not paid on thesaid 1st day of August, the note should become the absolute property of Klunk. Upon this evidénce, the defendant prayed the opinion of the Court, whether said Klunk could recover more iban the sum of money advanced, as the consideration for the endorsement of the said note and interest. The Court was of the opinion that he could recover only the sum advanced, and gave judgment accordingly; to reverse which judgment, this writ of error is brought.
*341 We are clear, that the opinion of the Court below was correct. The rule is well settled, that, as between the endorsee and his immediate endorser, the consideration may be inquired into, and the endorsee can recover no more than the consideration which he has paid for the note. To this point there are many authorities: vide Brown v. Mott, 7 Johns. Rep. 361; Brohan v. Hess, 13 Johns. 52; Wiffin v. Roberts, 1 Esp. N. P. 261.
The judgment of the Court below must be affirmed, with costs.